UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No.   20-003922 |

**COMPLAINT**

Ansell Healthcare Products LLC ("Ansell" or "Plaintiff"), by and through its attorneys, Faegre Drinker Biddle & Reath LLP, for its complaint against the United States alleges as follows:

**INTRODUCTION**

1. This action arises from a series of clerical errors by Ansell's customs broker, DSV Panalpina A/S ("DSV"), concerning the values declared in three reconciliation entries which significantly overstated the original and reconciled values of certain healthcare products, safety products, and safety equipment imported by Ansell.

2. On October 31, 2017, DSV filed three Type 09 reconciliation entries (the "Reconciliation Entries") with U.S. Customs and Border Protection ("CBP") covering thirty-one underlying Type 01 consumption entry summaries (the "Consumption Entries") originally entered in March 2016. The Reconciliation Entries had the following entry numbers: DSV-0228997-0, DSV-0229022-6, and DSV-0229020-0.

3. Ansell determined the total reconciled value of the thirty-one Consumption Entries was $1,594,393.81.

4. Based on this reconciled value amount, Ansell should have paid $461.01 in

additional duties, fees, and interest with the Reconciliation Entries.

5. When DSV filed the three Reconciliation Entries, it grossly overstated the entered value and reconciled values of the Consumption Entries, claiming that the total reconciled value was $63,571,157.64.

6. Based on the erroneous reconciled values, Ansell tendered $2,360,268.95 in additional duties, fees, and interest for these Reconciliation Entries.

7. Ansell filed Protest No. 5201-20-100608 against CBP's liquidation of the three Reconciliation Entries to contest the excessive assessment of additional duties, fees, and interest; however, this protest was denied.

8. To date, CBP has not refunded the amount of overpaid duties, fees, and interest that Ansell paid due to its broker's clerical errors.

9. For all the reasons that follow, this Court should order that Defendant issue a refund to Plaintiff in the amount of $2,359,807.94.

## JURISDICTION

10. The Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1581(a) as this civil action contests the denial of Plaintiffs' protest.

## PARTIES AND STANDING

11. Plaintiff Ansell, which has its principal place of business at 111 Wood Avenue South, Iselin, NJ 08830, is a global leader in safety solutions and an integrated manufacturer of personal protection equipment for healthcare and industrial workplaces.

12. Plaintiff is the importer of record of the merchandise that is the subject of this action and timely filed the protest with CBP that is the subject of this action.

13. Defendant United States is the party that denied the protest contested herein and

is the statutory defendant under 28 U.S.C. § 2631(a).

14. All duties, charges and exactions assessed at liquidation pertaining to the protested Reconciliation Entries were paid before commencement of the action.

## TIMELINESS OF THE ACTION

15. This action was timely commenced within 180 days of the date of denial of the protest which is the subject of this action.

## BACKGROUND

16. The thirty-one Consumption Entries covered by the three Reconciliation Entries had an original entered value of $1,531,817.00.

17. Ansell calculated a slight increase in value to $1,594,393.81 to be reported to CBP for these Consumption Entries, based on an "uplift" factor, and communicated this amount to DSV. *See* CBP Headquarters Ruling Letter ("HRL") H299185 (Aug. 24, 2018) (confirming that application of an uplift factor is acceptable for value reconciliation).

18. Despite the instruction from Ansell, DSV reported the entered value of the underlying entries was $60,285,712 and the reconciled value was $63,571,157.64.

19. Ansell discovered that DSV grossly overstated the original values and reconciled values for the thirty-one Consumption Entries due to broker error when CBP issued bills for additional duties and fees after the Reconciliation Entries liquidated.

20. On information and belief, DSV's errors were the result of duplicating certain entry lines, and including entry lines from other entries not within the group of thirty-one Consumption Entries covered by the Reconciliation Entries.

21. To correct the errors on the Reconciliation Entries, on January 27, 2020, DSV filed a protest on Ansell's behalf (Protest No. 5201-20-100608).

3

22. CBP denied Protest No. 5201-20-100608 on July 30, 2020, as well as a subsequent request to void the denial. *See* **Exhibit 1**.

### A. Reconciliation Entry DSV-0229022-6

23. Reconciliation Entry No. DSV-0229022-6 covered one underlying Consumption Entry.

24. The original amounts declared for this one underlying Consumption Entry, in value, duties, and fees (HMF and MPF)[1], are shown below:

| Consumption Entry | Original Entered Value | Original Duty | Original HMF | Original MPF |
|---|---|---|---|---|
| 315-9003260-9 | $21,738.00 | $0.00 | $0.00 | $0.00 |

A copy of this Consumption Entry is attached as **Exhibit 2**.

25. Ansell identified the addition to value for this Consumption Entry was $760 and communicated this to DSV.

26. Had the value information provided by Ansell been properly transmitted by DSV to CBP at the time of filing the reconciliation for this Consumption Entry, this should have not increased the duties or fees at all. The amounts that should have been transmitted by DSV to CBP at the time of the reconciliation filing for Reconciliation Entry DSV-0229022-6 is below.

| Reconciliation Entry | Revised Value | Revised Duty | Revised HMF | Revised MPF |
|---|---|---|---|---|
| DSV-0229022-6 | $22,498.00 | $0.00 | $0.00 | $0.00 |

---

[1] All MPF amounts reflected on the Reconciliation Entries have accounted for a minimum MPF of $25 and a maximum MPF of $485.00, which were the applicable MPF limits as of March 2016. The underlying Consumption Entries do not reflect an MPF amount where there was no MPF paid due to a qualifying duty preference program, as set forth in 19 C.F.R. § 24.23. The Consumption Entries also do not reflect an HMF amount if they were not entered on a vessel.

4

27. Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No. DSV-0229022-6, DSV reflected the following original value, duties, and fees for Consumption Entry No. 315-9003260-9:

| Consumption Entry | "Original" Value (as filed by DSV) | "Original" Duty (as filed by DSV) | "Original" HMF (as filed by DSV) | "Original" MPF (as filed by DSV) |
|---|---|---|---|---|
| 315-9003260-9 | $1,589,163 | $19,020.77 | $0.00 | $485.00 |

28. Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No. DSV-0229022-6, DSV reflected the following reconciled values for Consumption Entry No. 315-9003260-9 (based on the "uplift" factor provided by Ansell):

| Reconciliation Entry | Revised Value (as filed by DSV) | Revised Duty (as filed by DSV) | Revised HMF (as filed by DSV) | Revised MPF (as filed by DSV) |
|---|---|---|---|---|
| DSV-0229022-6 | $1,634,691 | $19,725.77 | $0.00 | $485.00 |

Copies of the original Header sheet and Aggregate Summary sheet as filed by DSV for Reconciliation Entry DSV-0229022-6 (notated as "Original Amounts") and the revised Header sheet and Aggregate Summary sheet with the correct values (notated as "Revised Amounts") are attached as **Exhibit 3**.

### B. Reconciliation Entry DSV-0228997-0

29. Reconciliation Entry No. DSV-0228997-0 covered twenty-three underlying Consumption Entries.

30. The original amounts declared for these twenty-three underlying Consumption Entries, in value, duties, and fees (HMF and MPF), are shown below:

5

| Consumption Entry | Original Entered Value | Original Duty | Original HMF | Original MPF | Original Cotton Fee[2] |
|---|---|---|---|---|---|
| 315-0093391-2 | $4,044.00 | $283.08 | $5.06 | $25.00 | |
| 315-0093396-1 | $5,020.00 | $732.92 | $6.28 | $25.00 | |
| 315-0093403-5 | $24,000.00 | $1,680.00 | $30.01 | $83.13 | |
| 315-0093431-6 | $4,726.00 | $879.03 | $5.90 | $25.00 | $2.04 |
| 315-0093493-6 | $2,110.00 | $278.52 | $2.64 | $25.00 | |
| 315-0093995-0 | $50,871.00 | $1,526.13 | $63.59 | $176.20 | |
| 315-0094005-7 | $24,221.00 | $726.63 | $30.28 | $83.90 | |
| 315-0094107-1 | $40,914.00 | $5,400.64 | $0.00 | $141.74 | |
| 315-0094391-1 | $56,858.00 | $0.00 | $0.00 | $196.95 | |
| 315-0094478-6 | $845.00 | $46.54 | $0.00 | $25.00 | |
| 315-0094673-2 | $20,659.00 | $619.77 | $25.82 | $71.56 | |
| 315-0094831-6 | $209.00 | $0.00 | $0.00 | $25.00 | |
| 315-0094836-5 | $44,242.00 | $0.00 | $0.00 | $153.25 | |
| 315-0094871-2 | $11,744.00 | $0.00 | $0.00 | $40.68 | |
| 315-0095814-1 | $88,310.00 | $0.00 | $0.00 | $305.92 | |
| 315-9003269-0 | $336,269.00 | $281.47 | $0.00 | $25.00 | |
| 315-9003271-6 | $479.00 | $0.00 | $0.00 | $0.00 | |
| 315-9003272-4 | $56,379.00 | $0.00 | $0.00 | $0.00 | |
| 315-9003273-2 | $184,377.00 | $206.07 | $0.00 | $25.00 | |
| 315-9003500-8 | $188,204.00 | $650.86 | $0.00 | $32.21 | |
| 315-9003501-6 | $2,341.00 | $0.00 | $0.00 | $0.00 | |

---

[2] Cotton fees are based on the weight of a cotton import rather than the value of the entry summary line. Therefore, these fees do not increase or decrease when the entered value changes.

| Consumption Entry | Original Entered Value | Original Duty | Original HMF | Original MPF | Original Cotton Fee[2] |
|---|---|---|---|---|---|
| 315-9003502-4 | $3,643.00 | $0.00 | $0.00 | $0.00 | |
| 315-9003503-2 | $2,973.00 | $0.00 | $0.00 | $25.00 | |
| **Total:** | **$1,153,438.00** | **$13,311.66** | **$169.58** | **$1,510.54** | **$2.04** |

Copies of these Consumption Entries are attached as **Exhibit 4**.

31.     Ansell identified the addition to value for these Consumption Entries was $52,627 and communicated this to DSV.

32.     Had the value information provided by Ansell been properly transmitted by DSV to CBP at the time of filing the reconciliation for these Consumption Entries, this should have resulted in only a small increase in the duties and fees for these entries. The amounts that should have been transmitted by DSV to CBP at the time of the reconciliation filing is below.

| Reconciliation Entry | Revised Value | Revised Duty | Revised HMF | Revised MPF | Revised Cotton Fee |
|---|---|---|---|---|---|
| DSV-0228997-0 | $1,206,065 | $13,630.71 | $179.60 | $1,607.22 | $2.04 |

33.     Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No. DSV-0228997-0, DSV reflected the following total original value, duties, and fees for the 23 Consumption Entries as follows:

| Consumption Entries | "Original" Value (as filed by DSV) | "Original" Duty (as filed by DSV) | "Original" HMF (as filed by DSV) | "Original" MPF (as filed by DSV) | "Original" Cotton Fee (as filed by DSV) |
|---|---|---|---|---|---|
| See ¶ 30 (above) | $51,418,094 | $1,822,702.00 | $2,171.61 | $5,291.54 | $2.41 |

34.     Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No.

0228997-0, DSV reflected the following reconciled values for the 23 Consumption Entries (based on the "uplift" factor provided by Ansell):

| Reconciliation Entry | Revised Value (as filed by DSV) | Revised Duty (as filed by DSV) | Revised HMF (as filed by DSV) | Revised MPF (as filed by DSV) | Revised Cotton Fee (as filed by DSV)[3] |
|---|---|---|---|---|---|
| DSV-0228997-0 | $54,450,432 | $1,914,782.88 | $2,325.81 | $5,307.49 | $2.41 |

Copies of the original Header sheet and Aggregate Summary sheet as filed by DSV for Reconciliation Entry DSV-0228997-0 (notated as "Original Amounts") and the revised Header sheet and Aggregate Summary sheet with the correct values (notated as "Revised Amounts") are attached as **Exhibit 5**.[4]

C. **Reconciliation Entry DSV-0229020-0**

35. Reconciliation Entry No. DSV-0229020-0 covered seven underlying Consumption Entries.

36. The original amounts declared for each of the seven underlying Consumption Entries, in value, duties, and fees, are shown below:

| Consumption Entry | Original Entered Value | Original Duty | Original HMF | Original MPF |
|---|---|---|---|---|
| 315-9003267-4 | $205,930.00 | $250.39 | $0.00 | $25.00 |
| 315-9003268-2 | $29,161.00 | $0.00 | $0.00 | $0.00 |
| 315-9003274-0 | $3,050.00 | $0.00 | $0.00 | $0.00 |

---

[3] Cotton fees are calculated based on the weight or quantity of the imported products; and therefore, are not affected by any changes to value in reconciliation. DSV's increased cotton fee was a result of its duplication of entry lines or its inclusion of entry lines which were not on the underlying entry summaries subject to reconciliation.

[4] The revised Aggregate Summary in Exhibit 5 incorrectly states the original entered value as $1,038.874, but it does correctly state the original duties and fees.

| | | | | |
|---|---|---|---|---|
| 315-9003275-7 | $101,390.00 | $0.00 | $0.00 | $0.00 |
| 315-9003498-5 | $14,580.00 | $0.00 | $0.00 | $0.00 |
| 315-9003499-3 | $2,311.00 | $0.00 | $0.00 | $0.00 |
| 315-9003504-0 | $219.00 | $0.00 | $0.00 | $0.00 |
| **Total:** | **$356,641.00** | **$250.39** | **$0.00** | **$25.00** |

Copies of these Consumption Entries are attached as **Exhibit 6**.

37. Ansell identified the addition to value for these Consumption Entries was $9,189.00 and communicated this to DSV.

38. Had the value information provided by Ansell been properly transmitted by DSV to CBP at the time of filing the reconciliation for this Consumption Entry, this should have resulted in only a small increase in the duties and fees for these entries. The amounts that should have been transmitted by DSV to CBP at the time of the reconciliation filing is below.

| **Reconciliation Entry** | **Revised Recon Value** | **Revised Recon Duty** | **Revised Recon HMF** | **Revised Recon MPF** |
|---|---|---|---|---|
| DSV-0229020-0 | $365,831 | $257.04 | $0.00 | $25.00 |

39. Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No. DSV-0229020-0, DSV reflected the following total original value, duties, and fees for the seven Consumption Entries as follows:

| **Consumption Entries** | **"Original" Value (as filed by DSV)** | **"Original" Duty (as filed by DSV)** | **"Original" HMF (as filed by DSV)** | **"Original" MPF (as filed by DSV)** |
|---|---|---|---|---|
| See ¶ 36 (above) | $1,756,909 | $17,062.61 | $0.00 | $980.75 |

40. Due to DSV's clerical errors, at the time of filing the Reconciliation Entry No. DSV-0229020-0, DSV reflected the following reconciled values for the seven Consumption

9

Entries (based on the "uplift" factor provided by Ansell):

| Reconciliation Entry | Revised Value (as filed by DSV) | Revised Duty (as filed by DSV) | Revised HMF (as filed by DSV) | Revised MPF (as filed by DSV) |
|---|---|---|---|---|
| DSV-0229020-0 | $1,856,660 | $17,062.61 | $0.00 | $999.07 |

Copies of the original Header sheet and Aggregate Summary sheet as filed by DSV for Reconciliation Entry DSV-02299020-0 (notated as "Original Amounts") and the revised Header sheet and Aggregate Summary sheet with the correct values (notated as "Revised Amounts") are attached as **Exhibit 7**.[5]

### D. Amounts Tendered by Ansell to CBP

41. Based on the correct reconciled value information as detailed in Paragraphs 26, 32, and 38 above, Ansell owed the following amounts in additional duties, fees, and interest for the Reconciliation Entries:

| Reconciliation Entry No. | Change in Value | Change in Duty | Change in HMF | Change in MPF | Interest | Total |
|---|---|---|---|---|---|---|
| DSV-0229022-6 | $760.21 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DSV-0228997-0 | $52,626.82 | $319.25 | $10.02 | $96.68 | $27.97 | $453.92 |
| DSV-0229020-0 | $9,189.78 | $6.65 | $0.00 | $0.00 | $0.44 | $7.09 |
| **Total** | **$62,576.81** | **$325.90** | **$10.02** | **$96.68** | **$28.41** | **$461.01** |

*See* "Revised Amounts" documents in Exhibits 3, 5, and 7.

42. However, at the time of filing the three Reconciliation Entries, Ansell paid

---

[5] The revised Aggregate Summary on Exhibit 7 states the original entered value as $356,422. This does not include any values associated with entry lines classified under Heading 9801 of the *Harmonized Tariff Schedule of the United States* ("HTSUS"). Therefore, Exhibit 7 correctly states the original duties and fees.

10

additional duties, fees, and interest based on the incorrect underlying Consumption Entry values and reconciled values transmitted by DSV, rather than the correct amounts provided by Ansell to DSV. The payments made to CBP with the three Reconciliation Entries are reflected below:

| Reconciliation Entry No. | Change in Value | Change in Duty | Change in HMF | Change in MPF | Interest | Total |
|---|---|---|---|---|---|---|
| DSV-0229022-6 | $45,528.00 | $705.21 | $0.00 | $0.00 | $47.24 | $752.45 |
| DSV-0228997-0 | $3,140,166.64 | $92,080.88 | $154.20 | $15.95 | $6,059.00 | $98,310.03 |
| DSV-0229020-0 | $99,751.00 | $695.16 | $0.00 | $18.32 | $47.25 | $760.73 |
| Total | $3,285,445.64 | $93,481.25 | $154.20 | $34.27 | $6,153.49 | $99,823.21 |

*See* "Original Amounts" documents in Exhibits 3, 5, and 7; *see also* **Exhibit 8**, Ansell's Daily Statement Report from October 31, 2017, showing these payments to CBP.

43. CBP issues bills when the reconciled values on the header sheet of a reconciliation entry are validated against the original values of the underlying consumption entries and an error is found in the original value amount.

44. In this case, CBP did not validate the original values declared by DSV on the Reconciliation Entry Header sheets to confirm that these values matched the original entry declarations for the Consumption Entries.

45. Instead, CBP compared the original values declared at the time of entry in the underlying Consumption Entries with the reconciled values declared in the Reconciliation Entry Header sheets filed by DSV, and subtracted the duties and fees already paid by Ansell based on the "changes" in duties and fees identified by DSV.

46. CBP's approach resulted in the calculation of significant additional duties and fees for the Reconciliation Entries. Applying this method to all three Reconciliation Entries resulted in

the below changes in duties and fees when CBP liquidated the Reconciliation Entries, which the agency then billed to Ansell.

| Recon Entry No. | Declared Duties | DSV Recon Duties | Change in Duty | Declared Fees | DSV Fees | Change in Fees | Amount Owed CBP |
|---|---|---|---|---|---|---|---|
| DSV02290226 | $0.00 | $19,020.77 | **$19,020.77** | $0.00 | $485.00 | **$485.00** | **$19,505.77** |
| DSV02289970 | $13,311.46 | $1,822,702.00 | **$1,809,390.54** | $1,682.16 | $7,465.56 | **$5,783.40** | **$1,815,173.94** |
| DSV02290200 | $250.39 | $17,062.61 | **$16,812.22** | $25.00 | $980.75 | **$955.75** | **$17,767.97** |
| **Interest provided on bills** | | | | | | | **$354,782.67** |
| **Additional accrued interest** | | | | | | | **$53,215.39** |
| **Total** | | | | | | | **$2,260,445.74** |

*See* Copies of the initial CBP bills issued to Ansell, without the additional accrued interest noted above, attached as **Exhibit 9**.

47. Ansell paid these additional duties and fees billed by CBP on August 5, 2020. *See* Wire Transfer Report attached as **Exhibit 10**.

48. Due to DSV's clerical errors and CBP's failure to validate the values of the Consumption Entries, rather than paying the $461.01 amount properly due for the Reconciliation Entries (see ¶ 41), the total payment of duties, fees, and interest made by Ansell for the Reconciliation Entries was $2,360,268.95, broken down as follows:

| | Duty | Fees (MPF+HMF) | Interest | Total |
|---|---|---|---|---|
| Tendered on October 31, 2017 | $93,481.25 | $188.47 | $6,153.49 | $99,823.21 |
| Tendered on August 5, 2020 | $1,845,223.53 | $7,224.15 | $407,998.06 | $2,260,445.74 |
| **Total Tendered** | **$1,938,704.77** | **$7,432.62** | **$414,151.55** | **$2,360,268.95** |

49. As a result, Ansell has overpaid $2,359,807.94 in duties, fees, and interest for the Reconciliation Entries.

### E. Ansell Files a Protest with CBP

50. CBP should have rejected the Reconciliation Entries due to the mismatch between the "original" values stated by DSV when compared to the "original" values of the underlying Consumption Entries.

51. Since CBP did not reject the Reconciliation Entries based on these significant errors, Ansell discovered the errors only upon receipt of the additional duty bills issued on January 17, 2020.

52. After notifying DSV of the errors in the Reconciliation Entries, Ansell instructed DSV to file an administrative protest to correct the errors in the reconciliation filings and seek a refund of the overpaid duties.

53. On January 27, 2020, DSV filed Protest No. 5201-20-100608 on Ansell's behalf.

54. In the protest, DSV uploaded copies of the full reconciliation files transmitted to CBP, as well as the CBP bills.

55. Based on the actual original values of the underlying Consumption Entries, DSV recalculated the reconciliation amounts due and created new reconciliation files to include as an exhibit to the protest.

56. DSV explained the issues with the Reconciliation Entries in the "Reason for Protest" section, admitting that it had made clerical errors in its original calculations and attempted to correct the errors by providing the correct information to CBP.

57. Despite the corrected information and explanation provided by DSV, CBP denied Protest No. 5201-20-100608 on July 1, 2020, stating:

Information provided to support claim is inaccurate. Entries were rejected 03/19/2019 for money mismatch prior to liquidation (01/17/2020). Original recon amounts were never tendered for entries.

58. On July 8, 2020, DSV filed a request asking CBP to void the denial of Protest No. 5201-20-100608 pursuant to 19 U.S.C. § 1515(d).

59. DSV formally supplemented the request to void the denial on September 11, 2020, expounding upon its explanation of the clerical errors it made as follows:

> The value in these 3 Reconciliation tries were significantly overstated in ACS due to operational constraints involving the allocation of flagged entries among three separate customs bonds, duplication of entry lines, and values captured that did not belong to the underlying flagged entries. Retransmissions of the entries were sent to CBP via ABI in absence of ACS validation for the fatal errors. In the end, the 3 recon entries were accepted by CBP error-free eventhough (sic) the values were grossly overstated.

*See* **Exhibit 11.**

60. Despite providing specific explanation of the cause for the errors in the Reconciliation Entries and overpayment of duties, as well as the readily apparent mismatch between the declared value of the Consumption Entries as compared to the values transmitted in the Reconciliation Entries, CBP did not void the denial of DSV's protest. *See* **Exhibit 1**.

## COUNT I

### (VIOLATION OF ADMINISTRATIVE PROCEDURES ACT)

61. Paragraphs 1 through 60 are incorporated by reference.

62. The Administrative Procedure Act (the "APA") authorizes this Court to hold unlawful and set aside agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial

14

evidence." 5 U.S.C. § 706(2).

63. As a result of clerical errors, Ansell paid more in duties for the Reconciliation Entries than was required by law and is entitled to a refund for these overpayments, plus interest.

64. Ansell filed a protest in accordance with 19 U.S.C. § 1514 to contest CBP's liquidation decision concerning these Reconciliation Entries.

65. CBP's denial of Ansell's timely protest constitutes a final agency action.

66. CBP's denial of Ansell's protest is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and unsupported by substantial evidence because (1) it is based on obviously erroneous values, (2) failed to meaningfully consider relevant factors when making its determinations, (3) failed to adequately explain the basis for its determinations, and (4) failed to meaningfully consider the evidence before it.

67. CBP's failure to "observ[e] procedure required by law" resulted in the unlawful imposition of $2,359,807.94 in duties, fees, and interest for the Reconciliation Entries and thus must be held "unlawful and set aside" by this Court. 5 U.S.C. § 706(2).

68. To date, CBP has not refunded the amount of overpaid duties, fees, and interest that Ansell paid due to its broker's clerical errors, causing harm to Ansell.

69. This Court should order that Defendant issue a refund to Plaintiff in the amount of $2,359,807.94, plus interest.

## COUNT II

### (DECLARATORY JUDGMENT FOR REFUND OF DUTY OVERPAYMENTS)

70. Paragraphs 1 through 69 are incorporated by reference.

71. The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief

is or could be sought." 28 U.S.C. § 2201(a).

72. There exists an actual controversy between Plaintiff and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73. 19 U.S.C. § 1520(a)(1) authorizes the Secretary of the Treasury to refund duties or other receipts "whenever it is ascertained on liquidation or reliquidation of an entry or reconciliation that more money has been deposited or paid as duties than was required by law to be so deposited or paid."

74. CBP's own regulations require it to refund excessive duties, fees, and interest paid upon an entry or reconciliation. *See* 19 C.F.R. § 24.36.

75. Ansell paid more in duties, fees, and interest for the Reconciliation Entries than was required by law and is entitled to a refund for these overpayments, plus interest.

## COUNT III

### (UNTIMELY LIQUIDATION – IN THE ALTERNATIVE)

76. Paragraphs 1 through 75 are incorporated by reference.

77. Beyond the clerical errors identified above, the liquidation of the three Reconciliation Entries was untimely.

78. Pursuant to 19 U.S.C. § 1504(a)(1), a reconciliation entry "shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted by the importer of record" if not liquidated within one year from the date of filing.

79. The three Reconciliation Entries were filed on October 31, 2017, and CBP extended the liquidation of each Reconciliation Entry on October 10, 2018.

80. This extension was made by CBP and not pursuant to a request from Ansell. *See*

Notices of Extension, Suspension, and Liquidation for the Reconciliation Entries attached as **Exhibit 12**.

81. Pursuant to 19 C.F.R. § 159.12, CBP "may extend the 1-year statutory period for liquidation an additional period not to exceed 1 year" if information is needed by CBP for the proper appraisement or classification of the merchandise. 19 C.F.R. § 159.12(a)(1)(i).

82. While CBP may extend liquidation further per 19 C.F.R. § 159.12(d)(1), CBP did not extend the liquidation of the Reconciliation Entries another time. *See* ACE Liquidation Report attached as **Exhibit 13**.

83. Therefore, the extended liquidation period for the Reconciliation Entries ended on October 31, 2019, and each of the Reconciliation Entries was liquidated by operation of law not later than October 31, 2019. *See* 19 U.S.C. § 1504(a)(2)(C).

84. The Reconciliation Entries were not liquidated until January 17, 2020, which was after the entries were deemed liquidated on October 31, 2019.

85. While CBP could have reliquidated the deemed liquidations within 90 days, this did not occur as the January 17, 2020 actions are identified by CBP as a "liquidation" (not, a voluntary reliquidation).

86. Ansell did not receive a notice of the deemed liquidation (19 C.F.R. § 159.9) or a notice of a voluntary reliquidation (19 C.F.R. § 173.3) and such actions for the Reconciliation Entries did not appear on cbp.gov, so CBP's January 17, 2020 actions cannot be properly characterized as a "voluntary reliquidation."

87. The language of 19 U.S.C. § 1504(a)(1) is plain and unambiguous. A reconciliation entry "shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted by the importer of record" if not liquidated within one year from the date of filing.

88. Since the Reconciliation Entries were deemed liquidated as entered by operation of law, the subsequent liquidation on January 17, 2020 (with increased duty bills) was improper and untimely. Therefore, the amounts paid by Ansell in response to these CBP bills should be refunded.

89. Ansell seeks a declaration from the Court that the Reconciliation Entries at issue in this action are deemed liquidated by operation of law. *See* 19 U.S.C. § 1504.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

(1) Enter judgment that CBP's denial of Plaintiff's Protest was arbitrary and capricious or otherwise unlawful in violation of the APA (5 U.S.C. §§ 701 et seq.);

(2) Declare that Defendant's failure to refund Plaintiff's overpayments with interest is contrary to law;

(3) Order that Defendant issue a refund to Plaintiff in the amount of $2,359,807.94, plus lawful interest;

(4) Declare that the Reconciliation Entries at issue in this action are deemed liquidated by operation of law pursuant to 19 U.S.C. § 1504.

(5) Award Plaintiff its costs and reasonable attorney fees; and

(6) Grant such other and further relief as may be just and proper.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Ansell Healthcare Products LLC
320 S. Canal Street
Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000

By: /s/ William R. Rucker

Dated: July 3, 2025

## CERTIFICATE OF SERVICE

William R. Rucker certifies that he is an attorney with the law firm of Faegre Drinker Biddle & Reath LLP, with offices located at 320 S. Canal Street, Suite 3300, Chicago, Illinois 60606, and that on July 3, 2025, on behalf of the Plaintiff herein, he served the attached Complaint on:

> Mr. Alexander Vanderweide
> Trial Attorney
> Department of Justice, Civil Division
> Commercial Litigation Branch
> 26 Federal Plaza – Suite 346
> New York, New York 10278
> E-mail: alexander.vanderweide@usdoj.gov

the attorneys for the Defendant herein, by electronic service in the CM/ECF System of the Court of International Trade.

/s/ William R. Rucker